[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to dismiss the action on the ground that service of process was defective thereby depriving the Court of jurisdiction to entertain the action. General Statutes, Section 52-57(c) provides, in pertinent part, as follows: CT Page 2422
 "In actions against a private corporation, service of process shall be made either upon the president, the vice-president, an assistant vice-president, the secretary, the assistant secretary, treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in the state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located".
In support of the Motion to Dismiss the defendant has filed affidavits stating that service of process was made upon the advertising sales manager who was not an individual encompassed by the provisions of the above quoted statute. In opposition to the Motion to Dismiss, the plaintiff has filed an affidavit by the sheriff who served the process in which the sheriff states that he was advised by various employees of the defendant that they were not authorized to accept service and that he was brought to the individual who was eventually served and that was advised that the individual, was a manager, was authorized to accept service and was in charge of the office.
The affidavits filed by the respective parties establish a question of fact as to whether the individual who was served was a "managing agent or manager" or a person who "at the time of service, was in charge of the office of the corporation". Accordingly the court declines to act with respect to the Motion to Dismiss at the present time and the parties will be notified as to a time and date of an evidentiary hearing with respect to the matters raised on the Motion to Dismiss.
RUSH, JUDGE